IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ANTONIO SALAZAR and <br> ELDA SALAZAR, <br><br> Plaintiffs, <br><br> vs. <br><br> MERCK & CO., INC., <br> JAN FERGUSON and <br> SCOTT LAWLER, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 05-445 |

**ORDER OF REMAND**

The Court remands the instant action to the 319th Judicial District Court of Nueces County, Texas, on the basis that Defendant Merck & Co. has failed to demonstrate complete diversity of citizenship among the parties such that this Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332.

**I.      Background**

On June 17, 2005, Plaintiffs Antonio and Elda Salazar, husband and wife, commenced a personal injury action against three defendants–Merck & Co., Jan Ferguson and Scott Lawler–in the 319th Judicial District Court of Nueces County, Texas. The Complaint alleges that Plaintiff Antonio Salazar suffered a heart attack on June 18, 2003, and other subsequent injuries as a result of taking Vioxx, a prescription medication manufactured, designed, packaged, marketed, sold and distributed by Defendant Merck & Co. (Compl. §§ VI-VII.) Defendants Jan Ferguson and Scott Lawler were Merck & Co.'s sales representatives who called doctors and hospitals and represented to them that Vioxx was a safe and effective medication. The plaintiffs alleged that Merck & Co. and its sales representatives "were aware that these representations were false and/or made these representations

with reckless disregard to their truth." (Compl. § IX.)  The defendants' actions caused the plaintiffs injuries for which the plaintiffs seek to recover damages.

Defendant Merck & Co., a foreign defendant,[1] was served with a copy of the Complaint on August 12, 2005.  On September 2, 2005, within 30 days after service, Defendant Merck & Co. removed the action to this Court, asserting improper joinder of Defendants Jan Ferguson and Scott Lawler, who, like the plaintiffs, are citizens of Texas; Defendant Merck & Co. maintains that this Court has subject matter jurisdiction over the lawsuit because "[t]here is complete diversity between Plaintiffs and Merck [& Co.]" (Notice of Removal § II(B)(10).)  The plaintiffs opposed the removal and on September 30, 2005, motioned the Court to remand the action.

The issue before the Court now is whether the plaintiffs have improperly joined in-state Defendants Jan Ferguson and Scott Lawler.  If they have, then their Motion to Remand must be denied and the action must proceed in this Court, because complete diversity of citizenship exists between the plaintiffs, citizens of Texas, and the remaining defendant, Merck & Co., a citizen of New Jersey.  If the plaintiffs have not improperly joined in-state Defendants Jan Ferguson and Scott Lawler, then the Motion to Remand must be granted and the action must proceed in the 319th Judicial District Court of Nueces County, Texas, where the action was commenced, because this Court lacks subject matter jurisdiction over the lawsuit pursuant to 28 U.S.C. § 1332.

**II.**     **Discussion**

Defendant Merck & Co., the party seeking removal, bears a heavy burden of proving improper joinder.  Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568, 574 (5th Cir. 2004) (en banc).

---

[1] Defendant Merck & Co. is a corporation organized under the laws of New Jersey and has its principal place of business in New Jersey.  Therefore, it is a citizen of New Jersey under 28 U.S.C. § 1332(c)(1).  (See Compl. § III.)

Improper joinder can be proven by demonstrating (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiffs to establish a cause of action against the in-state defendants. Id. at 573 (citing Travis v. Irby, 326 F.3d 644, 646-47 (5th Cir. 2003)). As there is no allegation of actual fraud in the pleading, Defendant Merck & Co. establishes improper joinder by demonstrating that there is no possibility of recovery by the plaintiffs against the two in-state defendants. See id.

The Court resolves this matter by conducting an analysis under a rule similar to that of Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court essentially examines allegations in the Complaint in the light most favorable to the plaintiffs to determine if the Complaint states a claim against the in-state defendants. Boone v. Citigroup, Inc., 416 F.3d 382, 388 (5th Cir. 2005); see also Smallwood, 385 F.3d at 573. Ordinarily, if the plaintiffs can survive the Rule 12(b)(6) type challenge, there is no improper joinder. Smallwood, 385 F.3d at 573. In some cases, the Court may allow limited remand-related discovery, and conduct a summary judgment type inquiry; such inquiry, however, is appropriate only to identify the presence of discrete and undisputed facts that would preclude the plaintiffs' recovery against the in-state defendants. Id. at 573-74. If Defendant Merck & Co. fails to establish improper joinder, then there is not complete diversity of citizenship among the parties, Defendant Merck & Co. is not entitled to removal, and the plaintiffs' Motion to Remand must therefore be granted. See 28 U.S.C. § 1332(a).

**A.     Limitation of Liability based on the Learned Intermediary Doctrine**

Defendant Merck & Co., relying on the learned intermediary doctrine, argues that the plaintiffs have no reasonable possibility of prevailing on any claims against the two in-state sales representatives, because the sales representatives do not owe a legal duty to warn the plaintiffs of risks associated with prescription medication Vioxx. (Notice of Removal § II(C)(16).) The Court

finds this argument unpersuasive.

Under the Texas learned intermediary doctrine, a pharmaceutical manufacturer is excused from warning each patient who receives the medication when the manufacturer properly warns the prescribing physician of the medication's dangers. Porterfield v. Ethicon, Inc., 183 F.3d 464, 467-68 (5th Cir. 1999). The rationale is that the pharmaceutical manufacturer can rely on the prescribing physician–the learned intermediary–to pass on its warnings to the patient. Id. at 468. Defendant Merck & Co. indicates that some courts outside the jurisdiction of the United States Court of Appeals for the Fifth Circuit have extended this doctrine to include pharmaceutical sales representatives. (See Notice of Removal § II(C)(16) (citing In re Diet Drugs Prods. Liab. Litig., 220 F. Supp. 2d 414, 425 (E.D. Pa. 2002); In re Rezulin Prods. Liab. Litig., 133 F. Supp. 2d 272, 282 (S.D.N.Y. 2001); Johnson v. Parke-Davis, 114 F. Supp. 2d 522, 524-25 (S.D. Miss. 2000)).) According to Defendant Merck & Co., these courts have concluded that the learned intermediary doctrine precludes failure to warn claims against a pharmaceutical manufacturer as well as its sales representatives, because the manufacturer and sales representatives only owe a duty to warn the prescribing physician. (Notice of Removal § II(C)(16).) However, even assuming the Texas learned intermediary doctrine applies to pharmaceutical sales representatives, when the warning to the learned intermediary–the prescribing physician–is inadequate or misleading, the manufacturer and its sales representatives remain liable for injuries sustained by the patient who is prescribed the medication. See Porterfield, 183 F.3d at 468.

Examining allegations in the Complaint in the light most favorable to the plaintiffs, the Court concludes that the learned intermediary doctrine does not preclude the plaintiffs from seeking damages from in-state Defendants Jan Ferguson and Scott Lawler. The plaintiffs allege that "Merck [& Co.], through its . . . sales representatives, made representations regarding the safety and efficacy

of its product . . . [that constituted] misrepresentations and negligent misrepresentations resulting in Plaintiffs' injuries and damages for which Plaintiffs sue." (Compl. § VIII.)  The plaintiffs allege that the sales representatives knew or should have known about risks associated with prescription medication Vioxx, but made misrepresentations about them nonetheless.  These allegations put the in-state defendants outside the protective realm of the learned intermediary doctrine, because misrepresentations to the prescribing physician mean inadequate warnings to the physician, and the learned intermediary doctrine is applicable only when adequate warnings were provided.  Thus, Defendant Merck & Co.'s argument that the plaintiffs have no reasonable possibility of prevailing against the two in-state sales representatives under the learned intermediary doctrine fails, as the doctrine is inapplicable based on the allegations made in the Complaint.

### B.     Liability of a Non-Manufacturing Seller under Texas Products Liability Laws

Additionally, under Texas products liability laws, a non-manufacturing seller can be held liable for injuries caused by a product if (1) the seller actually knew of a defect to the product at the time the seller supplied the product, and (2) the plaintiffs' injuries resulted from the defect. Tex. Civ. Prac. & Rem. Code Ann. § 82.003(a)(6) (Vernon 2003).  In a lawsuit involving failure to provide adequate warnings, a distributor of a pharmaceutical product can be held liable if the distributor "withheld from or misrepresented to the United States Food and Drug Administration required information that was material and relevant to the performance of the product and was causally related to the [plaintiffs'] injury[.]"  See id. § 82.007(b)(1).

The Court reiterates that the party seeking removal bears a heavy burden of proving improper joinder and that the Court must find proper joinder if there is any possibility the plaintiffs have stated a cause of action against the in-state defendants.  See Smallwood, 385 F.3d at 573-74.  The plaintiffs

alleged that the sales representatives, who might be considered non-manufacturing sellers under Tex. Civ. Prac. & Rem. Code Ann. § 82.001, knew or should have known about risks associated with prescription medication Vioxx. They further alleged that these risks were not made known to them and the failure to warn caused the plaintiffs injuries. Construing these allegations liberally in the light most favorable to the plaintiffs, the Court concludes that the plaintiffs might be able to establish a cause of action against in-state Defendants Jan Ferguson and Scott Lawler under Tex. Civ. Prac. & Rem. Code Ann. § 82.003(a)(6). Thus, the plaintiffs survive the Rule 12(b)(6) type challenge. Defendant Merck & Co. has made no attempts to show the plaintiffs' inability to recover from the two in-state defendants under Texas products liability laws.

### III.   Conclusion

Defendant Merck & Co. has not met its heavy burden of showing that in-state Defendants Jan Ferguson and Scott Lawler were improperly joined. Therefore, there is not complete diversity among the parties, and this Court lacks subject matter jurisdiction over the lawsuit pursuant to 28 U.S.C. § 1332.

The plaintiffs' Motion to Remand is GRANTED. The instant action is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the 319th Judicial District Court of Nueces County, Texas, where the action was commenced and assigned Cause No. 05-03092-G.

SIGNED and ENTERED the 2nd day of November, 2005.

_____

Janis Graham Jack

United States District Judge